UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN L. BOYD, JR.,<br><br>        Petitioner,<br><br>v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>        Respondent. | Civil No. 09cv2468 JLS (RBB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS [DOC. NO. 9]** |

Petitioner Glenn Boyd, a prisoner proceeding pro se and in forma pauperis, filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [doc. no. 1].[1] Petitioner asserts that "prison officials under the guise of an underground classification scheme violate[d] [Petitioner's] right to due process, equal protection of the law, his right against double jeopardy, ex post facto as proscribed by the United States Constitution . . . [.]" (Pet. 9-10.) Boyd argues that the Unit Classification Committee improperly recharacterized his commitment

---

[1] Because Boyd's Petition is not consecutively paginated, the Court will cite to it using the page numbers assigned by the electronic case filing system.

1                                                              09cv2468 JLS (RBB)

offense as an execution-type murder which raised his security placement from CVSP-II to CVSP-III. (Id. at 9-13.) Petitioner also maintains that "the [state] court abuse[d] its discretion or commit[ted] reversible error in violation of Petitioner's rights as proscribed under the fifth, sixth, and fourteenth amendment(s) to the United States Constitution . . . [.]" (Id. at 14-15.) Boyd argues that the state court abused its discretion and unreasonably denied his direct and collateral challenges to the Unit Classification Committee's decision. (Id. at 14-16.)

On January 21, 2010, Respondent requested additional time to respond to the Petition [doc. no. 7]. The Court granted Respondent's request [doc. no. 8]. On February 26, 2010, Respondent timely filed his Motion to Dismiss the Petition for Writ of Habeas Corpus with a Memorandum of Points and Authorities and a Notice of Lodgment [doc. no. 9]. Respondent claims the Petition should be dismissed because Boyd does not challenge the legality or duration of his confinement; he does not have a liberty interest in his classification; Petitioner does not state sufficient particular facts to allege violations of the Constitution; and Boyd cannot properly raise challenges to the state court's decision on habeas review. (Mot. to Dismiss Mem. P. & A. 1.)

Petitioner requested additional time to oppose the Motion [doc. no. 10]. The Court granted Boyd an extension [doc. no. 11]. On April 30, 2010, Petitioner's Opposition to Respondent's Motion to Dismiss Petition with a Memorandum of Points and Authorities and a declaration was timely filed [doc. no. 12].

The Court has reviewed the Petition, Respondent's Motion to Dismiss and Memorandum, Boyd's Opposition and Memorandum, and the

lodgments.  For the reasons discussed below, Respondent's Motion to Dismiss should be **GRANTED**.

## I. FACTUAL BACKGROUND

On October 6, 1988, in the County of San Bernardino Superior Court, Petitioner was convicted of murder and robbery.  (Pet. 1-2.)  He was sentenced to twenty-five years to life in prison.  (Id. at 1.)  From 2001 through 2006, Petitioner was housed at a prison facility with security at level II.  (Id. at 10.)

On April 18, 2005, the California Department of Corrections and Rehabilitation issued a memorandum regarding "inmates sentenced to a life term appropriately housed in level III and IV institutions."  (Id. at 9-10; id. Attach. #1 Ex. A8 at 102.)  On November 16, 2006, while Boyd was at Chuckawalla Valley State Prison, a level II institution, he was informed that he had been "deemed a threat to the safety and security of the institution due to the fact that his [commitment offense] case factors were under review for possibly being an execution-type murder."  (Id. at 9.)  The next day, Petitioner was moved to the administrative segregation unit pending his Institutional Classification Committee hearing.  (Id.)  On November 22, 2006, his hearing was held and Boyd's commitment offense was recharacterized as an execution type murder.  (Id. at 9-10.)  As a result, Petitioner was no longer eligible to be housed at a level II institution and was transferred to a level III facility instead.  (See id. at 9; id. Attach. #1 Ex. A6 at 10; id. Ex. A7 at 11.)

Boyd contends that his reclassification was improper, and prison officials failed to fully consider the evidence presented at his trial.  (Pet. at 10-13.)  Petitioner argues that the memorandum

that prison officials relied on to reclassify him "has made the definition [of execution-type murder] vague and ambiguous and subject to the whimsical and capricious interpretation [by prison officials] . . . . [because it] gives the prison officials too much latitude to interpret case factors beyond the scope of their authority." (<u>Id.</u> at 12.)

Boyd appealed the committee's decision and contends that "the state court failed to exercise its discretion [to] take judicial notice [of the] indisputable fact [that] petitioner [was] not found guilty or convicted of an 'execution type murder' . . . ." (<u>Id.</u> at 14.) Petitioner argues that the state court's decision was unreasonable because he did not have an opportunity to take discovery, present evidence, or make oral argument. (<u>Id.</u> at 14, 16.)

In his Petition, Boyd requests "(1) [t]hat an evidentiary [h]earing be granted; and/or (2) [a]lternatively, discovery hearing be granted; (3) [t]hat the Court allow verbal argument; (4) [t]hat the Court grant injunctive and/or prospective [r]elief; (5) [t]hat the Court grant the writ of habeas corpus; [and] (6) [a]ll other relief deemed appropriate." (<u>Id.</u> at 18.)

## II. PROCEDURAL BACKGROUND

Petitioner challenged his endorsement to security level III through the administrative grievance process, but his grievance and appeals were denied. (<u>Id.</u> Attach. #1 Ex. A54-55, at 148-49.) On February 20, 2008, Boyd filed his first habeas corpus petition regarding his reclassification in the Superior Court of California, County of Imperial. (Lodgment No. 2, <u>Boyd v. Almager</u>, Case No. EHC00979 (Cal. Super. Ct. filed Feb. 20, 2008) (petition for writ

of habeas corpus).)  The court denied his petition without considering the merits of his claim because Boyd failed to use the proper form.  (Lodgment No. 3, In re Boyd, Case No. EHC00979, slip op. at 1-2 (Cal. Super. Ct. May 2, 2008).)  Next, Petitioner filed another habeas corpus petition in the Superior Court of Imperial County.  (Lodgment No. 4, Boyd v. Almager, Case No. EHC01019 (Cal. Super. Ct. filed May 21, 2008) (petition for writ of habeas corpus).)  His petition was denied on July 25, 2008.  (Lodgment No. 5, In re Boyd, Case No. EHC01019, slip op. at 1-3 (Cal. Super. Ct. July 25, 2008).)

On September 25, 2008, Boyd's petition for writ of habeas corpus was filed in the California Court of Appeal, Fourth Appellate District, Division One.  (Lodgement No. 6, Boyd v. Smelosky, D053782 (Cal. Ct. App. filed Sept. 25, 2008) (petition for writ of habeas corpus).)  The appellate court denied the petition without prejudice stating that "[b]ecause the judgment of conviction was reviewed and affirmed by the Court of Appeal, Fourth District, Division Two, the petition is properly reviewed in that division."  (Lodgment No. 7, In re Boyd, Case No. D053782, slip op. at 1 (Cal. Ct. App. Oct. 15, 2008).)  Next, Boyd filed his petition in the correct appellate court on October 24, 2008.  (Lodgment No. 8, Boyd v. Smelosky, Case No. E046918 (Cal. Ct. App. filed Oct. 24, 2008) (petition for writ of habeas corpus).  On November 10, 2008, Boyd's petition was summarily denied.  (Lodgment No. 9, In re Boyd, Case No. E046918, slip op. at 1 (Cal. Ct. App. Nov. 10, 2008).)

On January 12, 2009, Boyd filed a petition for writ of habeas corpus in the Supreme Court of California.  (Lodgment No. 1, Boyd v. Smelosky, Case No. [S169673] (Cal. filed Jan. [12], 2009)

1  (petition for writ of habeas corpus).)  The state supreme court
2  summarily denied his petition on July 8, 2009.  (Lodgment No. 10,
3  In re Boyd, Case No. S169673, docket, http://appellatecases.
4  courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1901351&doc_
5  no=S169673.)
6  On November 3, 2009, Boyd filed this federal Petition for Writ
7  of Habeas Corpus [doc. no. 1].  This Court issued an Order setting
8  the briefing schedule [doc. no. 6].  The Order provided that if the
9  Respondent contended that "the Petition can be decided without the
10 Court reaching the merits of Petitioner's claims . . . , Respondent
11 shall file a motion to dismiss . . . ."  (Order Reopening Case &
12 Setting Briefing Schedule 2.)  "The motion to dismiss shall not
13 address the merits of Petitioner's claims . . . ."  (Id.)  "If
14 Respondent does not contend that the Petition can be decided
15 without the Court reaching the merits of Petitioner's claims,
16 Respondent shall file and serve an answer to the Petition."  (Id.)
17 On February 26, 2010, Respondent filed his Motion to Dismiss
18 [doc. no. 9].  On April 30, 2010, Petitioner's Opposition to
19 Respondent's Motion to Dismiss Petition was filed [doc. no. 12].

### III.  APPLICABLE STANDARDS

21 The "court shall entertain an application for a writ of habeas
22 corpus in behalf of a person in custody pursuant to the judgment of
23 a State court only on the ground that he is in custody in violation
24 of the Constitution or laws or treaties of the United States."  28
25 U.S.C. § 2254(a) (West 2006).  It is well established that
26 "[f]ederal habeas corpus relief [under § 2254] is limited to claims
27 that allege a constitutional violation in the state criminal
28 proceedings."  Paradis v. Arave, 130 F.3d 385, 390 (9th Cir. 1997)

1  (citing Herrera v. Collins, 506 U.S. 390, 400 (1993); Townsend v.
2  Sain, 372 U.S. 293, 317 (1963)); see also McGuire v. Blubaum, 376
3  F. Supp. 284, 285 (D. Ariz. 1974) ("Section 2254 applies only to
4  collateral attacks on state court judgments.").  But a habeas
5  proceeding can be pursued even if the petitioner is not seeking
6  immediate release, if he can show that but for the alleged due
7  process violation, he would be released at an earlier date than now
8  scheduled.  Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983)
9      In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court
10 considered the potential overlap between federal habeas actions
11 under 28 U.S.C. § 2254 and challenges to the conditions of
12 confinement pursuant to 42 U.S.C. § 1983.  Id.  The Court held that
13 habeas is the exclusive remedy for a prisoner challenging the fact
14 or duration of confinement, and the relief sought is a
15 determination that he or she is entitled to immediate release or a
16 speedier release from that confinement, even though the claim may
17 also come within the literal terms of § 1983.  Id. at 488-90, 498-
18 500.  On the other hand, a § 1983 action is the proper avenue for a
19 state prisoner making a constitutional challenge to the conditions
20 of prison life, but not to the fact or length of custody.  Id. at
21 499.
22     The Court, in Edwards v. Balisok, 520 U.S. 641 (1997), found
23 that habeas was the sole federal vehicle available for a prisoner's
24 constitutional challenge to the procedures used in a disciplinary
25 hearing which resulted in the loss of custody credits where the
26 claim would, if proven, "necessarily imply the invalidity of the
27 deprivation" of custody credits.  Edwards, 520 U.S. at 646-48.  A
28 prisoner's claim for an injunction barring future unconstitutional

1 procedures does not fall within federal habeas review if the
2 prospective relief does not necessarily imply the invalidity of the
3 previous loss of custody credits.  See id. at 648; see also
4 Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (finding an implied
5 habeas exception bars a prisoner from bringing a § 1983 action
6 where it would necessarily result in a determination of the
7 invalidity of confinement or alter the duration of confinement).

## IV. DISCUSSION

### A. A Petition for Writ of Habeas Corpus Challenges the Legality or Duration of Conviction.

Boyd challenges his reclassification from security level II to security level III.  (Pet. 9-13.)  A prisoner's security classification affects the conditions of confinement.  See Cal. Code Regs. tit. 15, § 3375(d) (2009) ("A lower placement score indicates lesser security control needs and a higher placement score indicates greater security control needs."); id. at § 3375(i) ("An inmate shall not remain at a institution/facility with a security level which is not consistent with the inmate's placement score . . . ."); id. at § 3375.1(a)(2)-(3) (2009) ("An inmate with a placement score of 19 through 27 shall be placed in a Level II facility.  An inmate with a placement score of 28 through 51 shall be placed in a Level III facility.")

Because Petitioner does not challenge the legality or duration of a state court conviction, he does not state a valid claim under 28 U.S.C. § 2254.  See 28 U.S.C. § 2254; see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  As discussed above, habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement.  Preiser, 411 U.S. at 484.  A civil

rights action is the proper method of challenging the conditions of confinement.  Id. at 498-99.

Boyd also challenges the state court's handling of his direct and collateral challenges to his security level reclassification. (Pet. 14-17.)  He asserts that "the state court unreasonably denied [his] petition for writ of habeas corpus by denying informal briefing, additional discover[y] or oral argument."  (Id. at 16.) Boyd alleges this resulted in an unreasonable determination of the facts and faults the court for not exercising its discretion to take judicial notice of the fact that he was not convicted of an execution-type murder or granting him extraordinary relief.  (Id. at 14.)  These allegations do not challenge the legality or duration of a state court conviction; thus, they do not state a valid claim under 28 U.S.C. § 2254.  See 28 U.S.C. § 2254; see also Badea, 931 F.2d at 574; Preiser, 411 U.S. at 484. Additionally, to present a cognizable federal habeas corpus claim, a state prisoner must that the state court violated his federal constitutional rights.  Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d at 885; Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

Respondent's Motion to Dismiss the Petition should be **GRANTED**.

**B.  The Court Will Not Consider the Merits of Petitioner's Claims.**

Respondent also argues that Boyd's Petition should be dismissed because he has no federally protected liberty interest in his custodial classification score, and his remaining allegations against the California Department of Corrections and Rehabilitation

1 are not specific enough to state a claim for relief.  (Mot. Dismiss
2 Mem. P. & A. 4-6.)

3     Boyd counters that even if he does not have a liberty interest
4 in his custodial classification score, he retains a constitutional
5 right to due process.  (Opp'n Mem. P. & A. 6.)  He contends that
6 the reclassification is akin to an unconstitutional bill of
7 attainder.  (Id. at 6-9.)  Even so, this claim, and Boyd's
8 remaining claims, all affect the conditions of his confinement and
9 are not cognizable under federal habeas review.  See Preiser, 411
10 U.S. at 499.

11     In the Order Reopening Case and Setting Briefing Schedule, the
12 Court directed Respondent to "address all grounds upon which
13 Respondent contends dismissal without reaching the merits of
14 Petitioner's claim is warranted."  (Order Reopening Case & Setting
15 Briefing Schedule 2.)  Boyd's conditions of confinement cannot be
16 addressed in this habeas proceeding.  Accordingly, the Petition for
17 habeas relief should be dismissed for failure to state a claim.

18                **V. CONCLUSION AND RECOMMENDATION**

19     For the reasons stated above, Respondent's Motion to Dismiss
20 should be **GRANTED**.

21     This Report and Recommendation will be submitted to the United
22 States District Court Judge, assigned to this case, pursuant to the
23 provisions of 28 U.S.C. § 636(b)(1).  Any party may file written
24 objections with the Court and serve a copy on all parties on or
25 before July 9, 2010.  The document should be captioned "Objections
26 to Report and Recommendation."  Any reply to the objections shall
27 be served and filed on or before July 23, 2010.

28

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: June 8, 2010

RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Sammartino
    All parties of record